Nash, J.
 

 We think his Honor erred. We do not believe the antedating the deed, as stated in this case, did have the effect of making it void. The date of the deed is not an essential part of it. It is customary to insert one in every deed, as one and the most certain mode of showing when it took effect — and
 
 prima facie,
 
 it is evidence of the time of delivery — but, like all such evidence, may be contradicted. But a deed is good without any date, or with an impossible one, for it takes effect from the delivery, and only from that time. The date, inserted, is, however, so far a part of the deed, that if, after its delivery, it be altered by any person claiming an interest under it, without the knowledge of the grantor, or, in case of a bond, of the obligor, it is rendered utterly void, and this, because it ceases to be the deed of the person executing it. It is considered, by the law, out and out a forgery. In this case, the title of the land, in question, was
 
 *98
 
 in Lamb, and he made the deed to the plaintiff, and, though the object or purpose, for which it was ante-dated, was a dishonest one, still, between them, it was valid and passed the title to the plaintiff, at least so far, as to enable him to maintain an action of trespass against a wrong doer, and such we consider the defendant. He, doubtless, acted under the belief, that his title to the land was good, but it was. not so. Wm. Patterson, his debtor,, had no such interest in the land as was subject to an execution. So far as the case discloses the facts, he never was in possession. Lamb had verbally promised he would convey the premises to him, upon certain conditions with which he had not complied. But in addition to this, hi&contract uas void, being in> parol.
 
 Rev. Stat. Ch.
 
 50»
 
 Bee.
 
 8, If it had been in writing, and he had complied with its terms, so far as they were conditions precedent to be performed, hy him-, he could have enforced a conveyance of the legal title from Lamb, and, therefore, would have had such an interest, under the 1st section of. the Act of 1812,. as would have been liable to the That Act is not confined to express trusts, but extendato. all cases, in which any person is, in any manner, seised in trust for a defendant in an execution, as in the case of sale by articles in writing, where the vendee has paid, the purchase money and done all the acts, to be performed by him.
 
 Henderson
 
 v.
 
 Hoke,
 
 1 Dev. & Bat. Eq. 138-, Several cases in this Court establish, the doctrine, that the 1st section-of the Act of 1812, extends to no trust, where the
 
 cestui que trust
 
 has not a right to call for an immediate conveyance of the legal-, estate.
 
 Thorpe
 
 v.
 
 Hicks,
 
 1 Dev. & Bat. Eq. 617. If the purchase by the defendant conveyed to him the legal title, then, he would hold it. under the 1st section of the Act, discharged of’ any claim by Lamb, for that section acts upon the estate. In whatever way we consider the case, William Patter-son. bad not. such interest in the land as. could.be reached.
 
 *99
 
 by an execution at law, and the defendant acquired nothing by his purchase, and in removing the house was a mere wrong doer, and liable to the plaintiff in damages.
 

 Per Curiam. Judgment reversed and a
 
 venire de novo
 
 awarded.